**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| OTIS MAYS, | Case No. 0:20-cv-00506-PAM-KMM |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S**<br>**LETTER REQUEST (ECF No. 15)** |
| SHERBURNE COUNTY JAIL, et al., | |
| Defendants. | |

---

      This matter is before the Court on Mr. Mays's May 3, 2020 letter. ECF No. 15. Mr. Mays makes several requests, which the Court addresses in this Order. First, he states that he is unsure how to complete the USM-285 service forms that he received on May 1, 2020. These forms are used to serve the various defendants in this lawsuit. Mr. Mays is responsible for completing these forms so that the United States Marshal can effect service on the defendants. Without service, the case cannot proceed. As explained on the District of Minnesota's website's information sheet for individuals who have been granted IFP status: "[A plaintiff] must provide the Clerk's Office with an accurate address for each named defendant on a U.S. Marshal Service form to ensure that each defendant is properly served." https://www.mnd.uscourts.gov/sites/mnd/files/InfoSheet3-IFP.pdf. Mr. Mays should review the forms carefully, complete them to the best of his ability, and return them to the Clerk's Office as soon as possible.

      Next, Mr. Mays states that he did not receive service forms for the following individuals: "Sgt. McDonnah, Sgt. Bartell, CO Drew Howt, CO Simions, CO Tom Berson, CO Adrian Johnson, CO Linzy, CO Lumply, CO Patton, CO Adam Walkley, CO Paul, as well as John Doe 1-5, Jane Doe 1-5." He asks the Court to have the Clerk send him forms for these individuals. Of these individuals, only two appear to have been identified as defendants in Mr. Mays's Complaint: Sergeant Brian McDonough and CO Lumply. The Court's records reflect that the Clerk mailed USM-285 forms for both of these defendants on April 28, 2020. The Court hereby instructs the Clerk of Court to resend U.S. Marshal Service forms for these two defendants. The Court will not provide additional forms for individuals who are not named defendants. Nor will the Court provide service forms for any unidentified John Doe or Jane Doe defendants at this time. Once discovery has begun, Mr. Mays may use the discovery process to try to identify such "Doe" defendants.

Third, Mr. Mays states that he is currently unable to figure out how he should make his claims fit together in a single case. ECF No. 15 at 1-2. In a March 23, 2020 Order, the Court warned Mr. Mays that "it is not obvious from the complaint that 'any question of law or fact common to all defendants will arise' in this litigation." ECF No. 6 at 3 n.2 (quoting Fed. R. Civ. P. 20(b)(6)). Because his Complaint concerns several instances that appear unrelated to one another, the Court explained that "this action may have to be severed into separate lawsuits, with Mr. Mays responsible for the filing fee in each lawsuit." *Id.* (quoting *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007)). Because of this, "Mr. Mays should … consider carefully whether to limit the scope of this litigation to only one set of claims and defendants." *Id.* Mr. Mays explains that he received help from another inmate in preparing and filing his initial Complaint, does not know how to restructure his complaint though he has attempted to several times, and has only ended up taking out two claims. ECF No. 15 at 2. He explains that all of the events referenced in his Complaint did not involve the same officer, nor did they occur at the same time, but "they were all done by the same agency's officers/employees." *Id.* The Court cannot provide additional guidance to Mr. Mays about how to draft his Complaint, but reiterates that if his claims are ultimately determined to be improperly joined and severed into separate lawsuits, he would be responsible for the filing fee in any lawsuit he chooses to pursue.

Fourth, Mr. Mays states: "I wanted to know if the Court could assign an attorney to help me re-form my complaint" because he is unsure how to do so. ECF No. 15 at 2. Unfortunately for Mr. Mays, unlike in a criminal case where the Sixth Amendment provides a right to counsel, no such right exists in civil cases like this one. *See, e.g.*, *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) ("There is no constitutional or statutory right to appointed counsel in civil cases."). "[I]n its discretion, a court may appoint counsel to represent an indigent [plaintiff] in a civil case." *Allen v. Reid*, Case No. 15-cv-1905 (WMW/SER), 2016 WL 3136859, at *8 (D. Minn. June 3, 2016) (citing *Phillips*, 437 F.3d at 794). Courts consider "'whether the nature of the litigation is such that plaintiff as well as the court will benefit from the appointment of counsel.'" *Id.* (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)). There are several factors that inform the Court's exercise of its discretion, including: "'the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.'" *Id.* (quoting *Phillips*, 437 F.3d at 794). Having reviewed the entire record in this case, the Court concludes that appointment of counsel is not warranted at this time. The factual and legal issues in this case do not appear to be terribly complex. We are not yet at a stage where skillful questioning by counsel would help address

conflicting testimony, for instance. There is no indication that Mr. Mays is incapable of investigating the facts, and through his written submissions, he has demonstrated that he is effective in communicating with the Court, even though he states that he is uncertain of how to proceed. For these reasons, his request for appointment of counsel is denied without prejudice.

Fifth, Mr. Mays asks the Court to allow him to conduct limited discovery that he can use to identify the John Doe and Jane Doe defendants, prepare an amended complaint, and otherwise prepare his case. Ordinarily, a party is not permitted to seek discovery before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1). However, because Mr. Mays is unrepresented and is in custody, this rule does not apply. *Id.*; *see also* Fed. R. Civ. P. 26(a)(1)(B)(iv). Nevertheless, it appears that none of the defendants have been served with the Summons and Complaint; they would not be required to respond to any discovery request Mr. Mays served on them until after service of the Summons and Complaint has occurred. Once service has been effected, Mr. Mays may serve discovery requests on the defendants.

Finally, Mr. Mays asks the Court to Order the Bureau of Prisons to provide him with a pencil sharpener and to allow him access to the law library for five hours a week. The Court encourages BOP officials to ensure that, consistent with legitimate institutional interests, Mr. Mays has access to the materials and facilities he needs to litigate his case. However, the Court declines to issue a specific order mandating how the BOP must achieve that balance.

The Court finds that it would be helpful for Mr. Mays to receive a copy of the Pro Se Civil Guidebook that is available on the District of Minnesota's website. The Clerk's Office is directed to send Mr. Mays one copy of the guidebook along with a copy of this Order.

Date: May 11, 2020                                                    *s/Katherine Menendez*
                                                                       Katherine Menendez
                                                                       United States Magistrate Judge