UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| OTIS MAYS, | Case No. 0:20-cv-00506-PAM-KMM |
| Plaintiff, | |
| v. | **CASE MANAGEMENT ORDER** |
| SHERBURNE COUNTY JAIL, et al., | |
| Defendants. | |

---

This matter is before the Court under its responsibility for case management. Below, the Court addresses the Plaintiff, Otis Mays' recently filed "Amended Complaint," the improper combination of unrelated claims in Mr. Mays' pleadings, his claim that the Bureau of Prisons' is impeding his access to the Court, and other issues that have been raised in the parties' letters.

**I.      The "Amended Complaint"**

Mr. Mays recently filed an "Amended Complaint." ECF No. 30. In his original Complaint, Mr. Mays asserted nine separate claims against 27 named Defendants. ECF No. 1. As explained by the Court in a March 23, 2020 Order, it was not obvious that these claims were properly joined because they appeared to concern unrelated incidents that occurred while Mr. Mays was confined at Sherburne County Jail. ECF No. 6 at 3 n.2 (quoting Fed. R. Civ. P. 20(b)(6)). Mr. Mays stated he was having a difficult time figuring out how to make all of his claims fit together in a single complaint, but he believed they are all sufficiently related. ECF No. 15 at 1. He acknowledged that the claims he included did not all regard one officer's conduct and the events did not take place at the same time, but asserted that "they were all done by the same agency's officers/employees." *Id.* at 1–2.

1

The Defendants filed an Answer to the original Complaint on June 2, 2020. ECF No. 17. On July 6, 2020, the Clerk docketed Mr. Mays' 73-page Amended Complaint. ECF No. 30. The Amended Complaint includes the nine claims from the original Complaint, but adds a substantial number of new allegations and claims. These new claims involve an even longer list of named defendants, some of whom are unknown and others are identified by only first name. *Id.* at 2–3 ("Master List" of Defendants). But there are 48 Defendants named in this amended pleading, and their conduct allegedly gives rise to a large number of claims than those asserted in the original Complaint.

At this time, the Amended Complaint is not properly before the Court. Under Rule 15(a), a plaintiff can amend his pleading "once as a matter of course within … 21 days after serving it; or … 21 days after service of a responsive pleading…." Fed. R. Civ. P. 15(a)(1)(A)–(B). Mr. Mays did not file his Amended Complaint within 21 days after service of the Defendants' "responsive pleading," which was the Answer they filed on June 2, 2020. All other amendments may only be permitted with the opposing party's consent or with leave of court, which is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Mr. Mays has not asked for leave of Court to amend his complaint. As a result, the Amended Complaint is not the operative pleading in this case. Instead, the original Complaint remains the operative pleading.

### *Leave to Amend*

Even if Mr. Mays had asked the Court for leave to file his Amended Complaint, the Court would deny such a request. Mr. Mays is a *pro se* litigant and the Court will attempt to give him some leeway in application of the Federal Rules of Civil Procedure. However, here the problem with his proposed Amended Complaint is that it did not solve the problem of combining

2

unrelated claims that the Court pointed out in its March 23rd Order. In fact, it makes the problem worse.

Courts will allow a party to amend a complaint to add additional parties according to the standards of Rule 15(a). *Trs. of Graphic Commc'ns Int'l Union Local 229 Health & Welfare Fund v. Rapid Copy, Inc.*, 620 F. Supp. 202, 206 (D. Minn. 1985). Under Rule 20, a plaintiff may be permitted to join multiple defendants into one case "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Mosely v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (internal citation omitted). It allows "all reasonably related claims against different parties to be tried in a single proceeding." *Potocnik v. Anoka Cnty.*, No. 13-cv-1130 (DSD/TNL), 2014 WL 684980, at *6 (D. Minn. Feb. 21, 2014) (citing *Mosley*, 497 F.2d at 1333) (quotation marks omitted). Whether claims are reasonably related is assessed on a case-by-case basis. *Mosley*, 497 F.2d at 1333.

But for permissive joinder to be allowed through an amendment, a proposed amended complaint must include claims against each defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and some question of law or fact common to all the parties must arise in the action. Fed. R. Civ. P. 20(a)(2). "[A]llegations of independent wrongdoings, although directed against a single [p]laintiff, are likely insufficient to meet the first requirement of Rule 20 joinder…." *Arcaro v. City of Anoka*, No. 13-cv-2772, 2014

3

WL 12605462 (JNE/LIB), at *8 (D. Minn. Oct. 31, 2014). It is not enough that the "transactions relating to multiple defendants are similar," they must instead arise from the same transactions. *Arcaro v. City of Anoka*, No. 13-cv-2772 (JNE/LIB), 2014 WL 12605451, at *4 (D. Minn. July 16, 2014). Even where the pleading alleges "identical facts against each [d]efendant," joinder may not be permitted where the pleading does not "allege overlapping facts that establish a logical relationship between Plaintiff's claims against individual [d]efendants." *Id.* (citing *Potocnik*, 2014 WL 684980, at*6–7. "Unrelated claims against different defendants belong in different suits" to avoid the "morass" that comes from combining a large number of claims against a large number of defendants, and in cases brought by prisoners, to ensure that they pay the required filing fees. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

      The claims in Mr. Mays' original Complaint already created a problem with joinder into a single pleading. ECF No. 6 at 3 n.2. Mr. Mays alleged that a subset of the long list of named defendants violated his constitutional rights by preventing him from having tinted prescription eyeglasses. Combined with this claim, he alleged that several corrections officers accused him of being a "snitch" or "telling on people" under circumstances that subjected him to increased risk of assault by other inmates. He also alleged that some defendants forced him to live, eat, and sleep in a cell with a toilet containing another person's waste for more than 50 hours; that other defendants retaliated against him for filing grievance forms; a corrections officer made a "sexual statement" to him and threatened him even though he knew Mr. Mays had been assaulted by a particular inmate before; still other defendants exposed him to increased risk of harm to his mental health by transferring him to a cell with an inmate who assaulted him; other defendants refused his requests to fill his "medical bucket" so that he could comply with a prescribed foot-soak treatment; and an unknown sergeant in the Jail allegedly deprived him of constitutionally

4

required procedural protections during a disciplinary proceeding. It would be within the Court's discretion to sever these claims into multiple proceedings, but the Court declines to do so at this time. Instead, the foregoing description highlights just how different each one of Mr. Mays' original claims is from the next.

In the proposed Amended Complaint, the claims become even more varied, as does the list of Defendants against whom they are asserted. Mr. Mays identifies over 48 named (or partially-named) Defendants. The same claims from his original Complaint remain, but to those, Mr. Mays seeks to add numerous claims concerning retaliation, discrimination, inadequate medical treatment of mental and physical symptoms, filthy cell conditions, unsanitary practices by corrections officers, interference with his interactions with a "jail house lawyer," and many more. Based on the description in Mr. Mays' proposed Amended Complaint, these claims do not bear a logical relationship to each other beyond the assertion that the Defendants are all employees of the same county jail. They do not involve the same transaction or occurrence or the same series of transactions or occurrences. As a result, it would prove entirely unworkable for the Court to allow all of these claims to be part of the same proceeding.

Based on this discussion, **IT IS HEREBY ORDERED** that the "Amended Complaint" **(ECF No. 30)** shall have no legal effect in this proceeding. Further, to the extent Mr. Mays intended to seek leave to amend his original Complaint, such a request is **DENIED** based on the attempted joinder of multiple unrelated claims against various defendants. The original Complaint **(ECF No. 1)** remains the operative pleading in this case. In addition, the Court seeks supplemental briefing from the parties regarding whether the claims in the original Complaint can reasonably remain part of the same lawsuit or if they should be severed into separate suits. If either side suggests that the claims in the original Complaint should be severed, such an

argument should be accompanied by a proposal regarding how such severance should properly be accomplished, how many cases would need to be created, and supporting authority regarding payment of the filing fee in light of Mr. Mays' indigent status and the Court's prior Order granting him permission to proceed *in forma pauperis*. **The Defendants shall file a supplemental brief on the issue of severance within 14 days of the date of this Order**. If the Defendants request that the claims in the original Complaint should be severed, **Mr. Mays shall file a response within 14 days of receiving the Defendants' supplemental brief**.

## II. Access to Law Library at FCI-Gilmer

Mr. Mays previously asked the Court to Order the Federal Bureau of Prisons to ensure that he has access to writing materials and the law library. Among other issues, the Court asked the Defendants to address this issue, and the Defendants indicated that they have no say over these issues because Mr. Mays is no longer at Sherburne County Jail. Mr. Mays has been relocated to the Federal Correctional Institution in Glenville, West Virginia, known as FCI-Gilmer.

Mr. Mays essentially asks the Court to enter a preliminary injunction requiring BOP officials at FCI-Gilmer to allow him a certain amount of time in the law library and to ensure that he has writing materials. However, neither the BOP nor any FCI-Gilmer official is a party to these proceedings and the Court has no personal jurisdiction over them. As a result, the Court does not have the power to order the BOP or any BOP official to take specific actions to ensure Mr. Mays is able to litigate his case. *See, e.g.*, *Lavery v. Dhillon*, No. 213CV2083MCEACP, 2016 WL 4522146, at *2 (E.D. Cal. Aug. 29, 2016) ("[T]he court is unable to grant injunctive relief against plaintiff's physical therapist and other medical staff because they are not parties to the instant lawsuit. A district court has no authority to grant relief in the form of a temporary

restraining order or permanent injunction where it has no jurisdiction over the parties."), *report and recommendation adopted*, No. 213CV2083MCEACP, 2016 WL 5661739 (E.D. Cal. Sept. 30, 2016); *Porter v. Shumake*, No. 6:15-cv-113), 2016 WL 1611596, at *5 (S.D. Ga. Apr. 22, 2016) ("Because the Defendants that would be responsive to the preliminary injunction are not parties to this action, this Court lacks jurisdiction to enter any restraining order or injunction against them."), *recommendation adopted by* No. 6:15-cv-113, 2016 WL 3647635 (S.D. Ga. Jun. 30, 2016).[1] For these reasons, the Court declines to recommend that any injunction be entered requiring FCI-Gilmer officials to take specific action in this case.

## III.  Deposition Requests

In a June 15, 2020 letter, Mr. Mays requested permission to take a deposition of three or possibly four different inmates who are located at the Sherburne County Jail and the Anoka County Jail. Mr. Mays did not identify two of the inmates by name, but he indicates that all four of the individuals witnessed events giving rise to his claims or have knowledge that is relevant to those claims. ECF No. 22. In a response filed on June 26, 2020, the Defendants state that they are opposed to an order allowing Mr. Mays to conduct depositions at this time. Defense counsel spoke with Mr. Mays about the depositions and informed him that he would have to arrange for the witnesses to be made available, obtain a court reporter, pay for the court reporter's services, and work with the BOP to be allowed to take the depositions. Defense counsel also notes that

---

[1]  Nothing in the record suggests that this case involves the limited circumstances where FCI-Gilmer officials could be bound by an order in this proceeding. *See* 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2956 (3d ed. 1998) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction. ... The only significant exception to this rule involves nonparties who have actual notice of an injunction and are guilty of aiding and abetting or acting in concert with a named defendant or the defendant's privy in violating the injunction.") (footnotes omitted).

Sherburne County Jail's COVID-19 related visiting restrictions would present an additional barrier to taking in-person depositions at this time. The Defendants propose that discovery should not proceed until the Court enters a scheduling order. ECF No. 27.[2]

Mr. Mays' letter request for an Order allowing him to take depositions of other inmates is DENIED, at this time, without prejudice. Discovery, including any nonparty discovery, may be conducted after the Court enters a scheduling order, which is being filed contemporaneously with this Case Management Order. Nevertheless, the Court notes here that under the Scheduling Order, in-person depositions may only be taken after a party specifically requests permission to do so, makes a showing that the deposition is necessary, and the Court grants the request.

Moreover, the Court notes that although Mr. Mays has been granted permission to proceed IFP in this case, under 28 U.S.C. § 1915(d), there is no requirement that the Court pay a *pro se* plaintiff's discovery costs. Under Rule 45(d), when a subpoena is issued to a third party, the court is required to enforce a party's duty to limit imposing undue burden or expense on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Accordingly, courts have held that a plaintiff granted IFP status should not be entitled to subpoena discovery from a nonparty until the Court has determined that the information in the nonparty's possession is relevant and the plaintiff is able to pay any costs. *See Smith v. Ladner*, No. 3:19-cv-243-HTW-LRA, 2020 WL 3620426, at *1 (S.D. Miss. July 2, 2020) (denying motion for subpoena for production of

---

[2]  In the Defendants' June 26th letter, defense counsel also notes that he discussed the return of certain property that Mr. Mays alleged was not provided to him. The Defendants indicate that they are not aware of any property Mr. Mays left at the Sherburne County Jail when he was transferred to FCI-Gilmer, but are looking into the matter. The Defendants further represent that they are preserving his grievances, kites, notes, and responses as requested and that they will provide Mr. Mays with a copy of his medical records and requests when they are able to access them pursuant to Mr. Mays' authorization for their release. Based on the Defendants' representations, the Court finds it unnecessary to enter any order regarding these issues.

nonparties' records). Nothing in this Order precludes Mr. Mays from renewing a request for a deposition upon an appropriate showing that the deposition is relevant to his claims and, if the request is to depose a nonparty, that the subpoena will not cause nay nonparty undue burden or expense. The Court further notes that, under Rule 31 of the Federal Rules of Civil Procedure, depositions may be conduct by written questions, but a party must first obtain leave of court to do so if the deponent is confined in prison. Fed. R. Civ. P. 31(a)(2).

### III.     Miscellaneous Issues

Several other issues have arisen that should be addressed in this Case Management Order.

### *Plaintiff's First Set of Discovery Requests*

First, on June 17, 2020, Mr. Mays filed a set of discovery requests. ECF No. 24. His requests seek various documents and production of video and audio recordings. Under Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests "must not be filed until they are used in the proceeding or the court orders filing…." Instead, discovery requests are generally submitted directly to opposing counsel. Here, the Court has not ordered the filing of any discovery requests and Mr. Mays is not using them in the proceeding because they have not been submitted in connection with any motion. Given Mr. Mays's pro se status, the Court will not strike the requests from the record. However, the Court notes that Mr. Mays did not specify which defendants or defendants he wants to respond to the discovery requests. Accordingly, **IT IS HEREBY ORDERED THAT** Mr. Mays shall send a letter to defense counsel within 14 days of the date of this Order explaining which defendants he is specifically asking to respond to his first set of discovery requests.

### *Plaintiff's Letter to Judges*

Mr. Mays filed a letter on June 10, 2020. ECF No. 25. In it, he requests three subpoenas. One of the subpoenas he requests is for Sherburne County Jail Medical Staff to produce his medical records. However, Mr. Mays has asserted official-capacity claims against Sherburne County officials in this case, making Sherburne County a party to the lawsuit. Therefore, a subpoena for medical records under Rule 45 is unnecessary. Moreover, defense counsel has already indicated that it will provide a copy of Mr. Mays' medical records once it receives them pursuant to Mr. Mays' authorization that they may be released to the Defendants.

Mr. Mays has also requested a subpoena for information from the Federal Bureau of Investigation, suggesting that the FBI has asked Sherburne County Jail staff to copy all of his mail and that this will help him establish his claims. He further requests a subpoena for records maintained by a company that coordinates video visits with Sherburne County Jail. Specifically, he seeks a list of visits scheduled by his friends and family and all of the company's emails confirming or denying such virtual visits. Mr. Mays' request for these subpoenas is **DENIED**. He has failed to demonstrate that these subpoenas will provide information relevant to any of his claims in the original Complaint or that the discovery sought, even if relevant, is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

### *Motion to Join as Plaintiff*

On July 13, 2020, the Court received a "Motion to Join as a Plaintiff" signed by an individual named David Neadeau, who is confined at Sherburne County Jail. ECF No. 34. Mr. Neaudeau states that he has "many of the same issues as Mr. Mays [and they] were actually going to file this claim together, but due to Mr. Mays being moved, [he] was unable to sign the complaint." *Id.* Accordingly, he asks to join as a plaintiff in the case. *Id.* Because the original

10

Complaint in this matter contains Mr. Mays' own claims that may be insufficiently related to be managed effectively in a single proceeding and the Court has sought supplemental briefing regarding that issue, the Court concludes that adding unspecified claims (both in nature and in number) on behalf of another individual, would be counter-productive to effective case management. Accordingly, Mr. Neadeau's Motion to Join as a Plaintiff **(ECF No. 34)** is **DENIED**. If he chooses to do so, Mr. Neadeau may pursue a separate lawsuit on his own behalf. The Clerk of Court is directed to mail a copy of this Order to the address Mr. Neadeau provided in his motion.

    **IT IS SO ORDERED**.

Date: July 23, 2020                             *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States Magistrate Judge