# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| OTIS MAYS, | Case No. 0:20-cv-00506-PAM-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| SHERBURNE COUNTY JAIL, et al., | |
| Defendants. | |

This matter is before the Court on the Plaintiff Otis Mays' letter, which was docketed on November 5, 2020. Pl.'s Letter [ECF No. 48]. Mr. Mays makes three requests: (1) that he be allowed to bring a motion to amend the complaint after the October 19, 2020 deadline in the scheduling order; (2) that an Order be issued disqualifying defense counsel, Andrew Wolf, from representing several of the defendants; and (3) that a hearing be held to address certain discovery that the defendants allegedly failed to provide. *Id.*

### Motion to Amend Outside the Deadline

Mr. Mays is correct that the deadline established in the scheduling order for amending the complaint was October 19, 2020. That deadline has already passed. When a party files a motion to amend the complaint after the deadline in a scheduling order has expired, leave to amend will only be granted when the party first show's "good cause" for the failure to meet the deadline. *Kmak v. Am. Century Cos., Inc.*, 873 F.32d 1030, 1034 (8th Cir. 2017); *Popoaliii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (noting that a showing of good cause is mandatory). The most important question in whether there is good cause to allow an untimely motion to amend is the moving party's diligence. *Id.* This requires the moving party to show that even though he or she acted diligently, the belated amendment could not have been offered sooner. *Sherman v Winco Fireworks, Inc.*, 522 F.3d 709, 716–18 (8th Cir. 2008). A party may demonstrate good cause where there has been a "change in the law, … newly discovered facts, or any other changed circumstance" that made the proposed addition to the pleadings "more viable after the scheduling deadline for amending pleadings." *Id.* at 718.

1

At this time, with only his letter before the Court, Mr. Mays has not demonstrated good cause for leave to amend his complaint. If he wishes to amend his complaint, Mr. Mays will have to file a motion to amend, a supporting memorandum, and a proposed amended complaint, along with an affidavit or a declaration explaining whether there is good cause for the motion being filed after the deadline. For the Court to consider whether to give him leave to amend, Mr. Mays must demonstrate how he acted diligently, but despite his diligence, was unable to make the motion to amend before the October 19, 2020 deadline. If, for example, Mr. Mays claims that he learned new information after October 19th that made any new claims more viable than they would have been before the deadline, he should explain what he learned and when. Mr. Mays is reminded that his original Complaint is still being treated as his operative pleading.

### Disqualification

Mr. Mays also asks the Court "to remove counsel Mr. Wolf from being the attorney for the following defendants[:] Janell Hussain, Joshua Kolar, Adrain Johnson, Michael SEig, Shari Kiscaden, [and] Travis Lindstrom." Pl.'s Letter at 1. He indicates that these corrections officers will have a conflict with the other defendants. *Id.*

A motion to disqualify an opponent's attorney as trial counsel is in the district court's discretion. *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006). "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Id.*

Here, the problem for Mr. Mays is that he implicitly asserts only that Mr. Wolf's representation of various defendants will harm Mr. Wolf's clients, not Mr. Mays. "It is not sufficient that the party moving for disqualification shows that the lawyer's client may be injured by his counsel's continued involvement in the case. The moving party must show how the diminished quality of the representation of an opposing party causes the movant injury." *Simonca v. Mukasey*, No. CIV081453FCDGGH, 2008 WL 5113757, at *4 (E.D. Cal. Nov. 25, 2008). Mr. Mays has suggested that several of the corrections officers he named as defendants will have a conflict with others, which means "they will have to give testimony that will prove the[ir] suit." Pl.'s Letter at 2. But Mr. Mays has failed to show how Mr. Wolf's representation of all of these defendants would cause any injury to Mr. Mays. Accordingly,

this request is denied, as is his request for an evidentiary hearing to address the alleged conflicts of interest that may arise.

### *Discovery Hearing*

Finally, Mr. Mays asks the Court to set a discovery hearing and to order the defense to provide certain discovery. Pl.'s Letter at 2, 4–5. Mr. Mays refers to his request that he be provided all of the "kites, grievances, documents I signed, and jail responses." *Id.* at 4. The Court has previously ordered the defendants to file a response to Mr. Mays' discovery requests, including his assertion that this specific discovery demand has not been satisfied. Order (Oct. 29, 2020), ¶ 2(c), [ECF No. 47]. The Court explained that when it receives the Defendants' response, it will "issue an appropriate Order based on the written submissions without a hearing." *Id.* ¶ 3. If the Court determines that a hearing is necessary, however, the Court will notify the parties that a hearing will be held.

**IT IS SO ORDERED.**

Date: November 10, 2020

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge