UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OTIS MAYS, | Case No. 0:20-cv-00506-PAM-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| SHERBURNE COUNTY JAIL, et al., | |
| Defendants. | |

    This matter is before the Court to address pretrial issues raised by the parties. The Court entered a Scheduling Order on July 23, 2020, establishing certain limitations on discovery and deadlines for filing motions. (Scheduling Order, ECF 38.) The discovery cutoff was set for March 1, 2021, the deadline for filing nondispositive motions was March 22, 2021, and the deadline for dispositive motions was May 24, 2021. The Court also required any party seeking to take a deposition to request permission to do so by January 15, 20221. All of these deadlines have now passed. However, the Court recently suspended the dispositive-motions deadline until it issues a ruling on several pending nondispositive issues. The Court also advised that the schedule would be adjusted, if necessary, depending on its resolution of nondispositive matters. (ECF 82.)

    Since the Court issued the Scheduling Order last July, Mr. Mays submitted several filings raising discovery issues and other concerns. Some of his requests are found in letters addressed to the undersigned and others in motions seeking various forms of relief. The Defendants also requested permission to take Mr. Mays' deposition, as required by the Scheduling Order. Having reviewed the record, the Court issues the following Order.

### *1. Request to Modify Scheduling Order to Expand Written Discovery*

    Mr. Mays asks the Court to increase the number of discovery requests permitted for each side, noting that there are over 20 individual defendants and he is only permitted 25 interrogatories, document requests, and requests for admission. He seeks permission to ask each defendant "5 questions" and a greater number of document requests. (ECF 46 at 1, 5–6; *see also* ECF 69 at 2 (asking the Court to increase interrogatories, document requests, and requests for admissions to 50 each).) This request is denied in part. The

proposed modification to the Scheduling Order would drastically increase the Defendants' burdens of responding to discovery without any indication that it would be proportional to the needs of the case. For example, based on the record before the Court, permitting additional requests for production of document is unlikely to lead to discovery of useful information because the Defendants have represented, through counsel, that they have already produced Mr. Mays' entire file from the Sherburne County Jail (hereafter "the Jail"). (ECF 53.) Indeed, Mr. Mays has been given more than 1,100 pages of material related to his claims. He does not explain what more he would seek if allowed, nor identify anything important he is missing. Therefore, his request for more document requests is denied.

However, the Court finds that there is good cause for a modest increase of another discovery limit in this case. Specifically, the Court will allow Mr. Mays to serve an additional 25 interrogatories in accordance with the schedule set forth below. The Court reaches this conclusion and modifies the schedule because Mr. Mays has diligently pursued discovery in this matter, but limitations caused by his lack of legal training, lack of funds, and incarceration in a federal prison far away from the Jail have contributed to his difficulties in obtaining relevant information. In addition, the progress of this litigation has revealed that the limits on written discovery originally established by the Court are not entirely workable. This is especially true given the number of Defendants in this case and the Court's denial below of Mr. Mays' requests to take numerous depositions. The modest increase of the interrogatories the Defendants must answer will not be unfairly prejudicial to the Defendants, but will enable Mr. Mays to gather the information he seeks. Accordingly, the Court finds good cause to modify the Scheduling Order, Fed. R. Civ. P. 16(b)(4), as set forth below.

## 2. *Alleged Destruction of Evidence and Request for Sanctions*

Mr. Mays next asks the Court to sanction the Sherburne County Jail (hereafter "the Jail") for destroying requested video surveillance footage and for failing to return his property to him. (ECF 46 at 2.) However, defense counsel explains that prior to Mr. Mays' request, the video footage was overwritten per the Jail's policy. (ECF 53.) Based on defense counsel's representations regarding the timing of Mr. Mays' request, there has been no showing that the Jail destroyed evidence and the Court cannot find on this record that a spoliation sanction is appropriate.

With respect to Mr. Mays' complaint that the Jail has not returned his property, Defense counsel represents that the Jail has already released Mr. Mays' property and given him extra time to arrange for someone to pick it up. (ECF 53.) Having reviewed the

record, the Court finds that Mr. Mays has not shown that any of the property he left at the Jail constitutes relevant evidence in this litigation, nor that the Defendants are refusing to provide it to him because they seek to deprive him of information he could use to establish his claims. Accordingly, the request for sanctions is denied.

### 3. Failure to Produce Documents

Mr. Mays asserts that he asked the Jail to produce copies of all kites, grievances, notice, and forms he completed while he was at the Jail, but they have refused to provide responsive documents. He also sought production of all emails concerning him and all behavioral reports about him from his time there. (ECF 46; *see also* ECF 65 (moving to compel production of all kites and grievances).) The Defendants explain that they sent the following items to Mr. Mays at FCI-Gilmer in West Virginia, where he was serving a sentence in the custody of the U.S. Bureau of Prisons at the time of Defendants' production:[1] copies of all his grievances; his entire jail file; entire disciplinary file; all e-mails from his file; his electronic medical record; USM file at the Jail; attorney visit logs; clergy visit logs; and video visit logs. In total, these documents comprise 1,102 pages of discovery. (ECF 53.) Mr. Mays contends in several of his filings that he knows the Defendants have withheld information because he submitted kites and grievances while he was in the Jail that have not been produced. The Defendants advise that they have not withheld any documents, and the Court cannot simply assume that they are doing so.

Though he claims Defendants are withholding information, elsewhere, Mr. Mays acknowledges that Defendants are not necessarily to blame for the issues with discovery. Instead, he suggests that the officials at FCI-Gilmer are not giving him access to the materials produced. However, as the Court has previously explained to Mr. Mays, FCI-Gilmer is not a party to this litigation, and the Court has no power to order that institution or any of its personnel to take any action regarding discovery materials sent to him by the Defendants.[2] Moreover, it has since become clear that Mr. Mays has received and reviewed the entire 1,102 page production from the Defendants. (ECF 74, Ex. 8.)

---

[1]  Mr. Mays was relocated on May 13, 2021 to FCI-Hazelton. (ECF 84.)

[2]  For the same reasons, the Court denies additional requests from Mr. Mays for orders to be issued directing FCI-Gilmer officials to take any specific action. (ECF 69 at 8–9 (seeking an Order requiring the BOP to allow him to communicate with other inmates); ECF 75 at 6–7 (same); ECF 85 (asking the Court to order the FCI-Hazelton warden and staff to allow plaintiff law library access and access to legal materials).)

Therefore, the Court denies Mr. Mays' request for an order requiring the Defendants to produce additional documents.

*4. Requests for Depositions*

Mr. Mays seeks permission from the Court to take the depositions of the following individuals:

- Matthew Leisland: a detainee at the Jail with Mr. Mays who allegedly has knowledge of his claims;
- Barbara Wisniewski: a psychologist at the Jail with whom Mr. Mays met on several occasions while he was there;
- Tracy Eatman: the mother of Mr. Mays' child, who Mr. Mays told about his experiences at the Jail;
- Jarred Boswell: a detainee at the Jail who allegedly abused Mr. Mays for several days and witnessed an officer at the Jail accuse Mr. Mays of being a snitch;
- Chris Hanson: a Jail officer who was put in charge of Mr. Mays' complaints under the Prison Rape Elimination Act ("PREA");
- Pat Carr: the Jail Commander who determined Mr. Mays' PREA complaint was unfounded; and
- David Neadue: another Jail detainee who was told by a corrections officer that Mr. Mays was a snitch and was a witness to the alleged assault.

(ECF 46 at 9–12.) Most of these individuals (Leisland, Wisniewski, Eatman, Boswell, Hanson,[3] and Neadue) are not parties. As the Court explained in its July 23, 2020 Order, even though Mr. Mays was granted IFP status, he must show that the information these nonparties could provide is relevant and that he is able to pay any costs associated with the depositions. *See Smith v. Ladner*, No. 3:19-cv-243-HTW-LRA, 2020 WL 3620426, at *1 (S.D. Miss. July 2, 2020). While the Court accepts that these individuals may have relevant information to provide because Mr. Mays has indicated they are witnesses to some of the events giving rise to his claims, he has not shown that he is able to pay the

---

[3] Although Mr. Mays sought to add Chris Hanson as a defendant later in the litigation (ECF No. 30 at 2), the Court rejected his amended complaint and Hanson is not a party to this case.

costs associated with any of these non-party depositions. Accordingly, the Court denies Mr. Mays' request to take these nonparty depositions.[4]

Patt Carr is a Defendant, and although the calculus for allowing a deposition of a party is different than the analysis for nonparties, the Court denies Mr. Mays's request for similar reasons. Mr. Mays does not explain how he would cover the costs of such a deposition, including the expense of engaging a court reporter to prepare a transcript. His IFP status does not entitle him to have such expenses or other litigation costs advanced by the Court. *See U.S. Marshals Serv. v. Means*, 724 F.2d 642, 645–46 (8th Cir. 1984). And the Court has allowed Mr. Mays some additional interrogatories to enable him to get any necessary information from Defendants, such as Patt Carr.

### *5. Request No. 14*

Mr. Mays next asks the Court to Order the Defendants to provide documents in response to his Request No. 14, and overrule their objection that the information he seeks is not reasonably calculated to lead to discovery of relevant evidence.[5] (ECF 46 at 12–13.) In this document request, Mr. Mays asks for "all defendants' disciplinary complaints against all defendants and the result of that complaint. Date of complaint and results [of] the complaint." (ECF 46 at 20.) The Court finds that this document request is overbroad, unduly burdensome, and is not proportional to the needs of the case. Even if there may be some subset of disciplinary complaints that could help Mr. Mays establish his claims, a request for production of documents reflecting the full disciplinary history of each Defendant is patently overinclusive. Accordingly, the Court denies Mr. Mays' request that Defendants be compelled to provide the documents sought in Request No. 14.

### *6. Request for Additional USM Service Forms*

In a letter received by the Court on November 9, 2020, Mr. Mays asked the Court to send him service forms for a list of over 40 individuals he sought to name as defendants in his Amended Complaint. (ECF No. 51; *see also* ECF No. 52.) However,

---

[4] For the same reason, the Court denies Mr. Mays' request to take the deposition of Dr. Victor A. Thonn, who allegedly recommended that Mr. Mays wear tinted eyeglasses. (ECF 57 at 1–2.)

[5] Defendants also objected that this request is not proportional to the needs of the case "in light of the unduly burdensome nature of the request and the minimal significance of the discovery in resolving the issues at stake in the action." (ECF 46 at 20.) This objection is well taken given the breadth of Request No. 14.

well before Mr. Mays sent this request, the Court found that the Amended Complaint naming many of these individuals as defendants was not the operative pleading. Ultimately, the Court declined to give Mr. Mays leave to amend because doing so would have dramatically expanded the scope of the litigation and complicated the proceedings. (ECF 39.) As a result of that ruling, the individuals identified in the more recent request for additional service forms are not defendants in this litigation and there is no need for additional U.S. Marshal service forms. Accordingly, this request is denied.

### *7. Discovery from the FBI*

Mr. Mays seeks an Order compelling the Federal Bureau of Investigation to provide responses to discovery requests he sent to the agency. (ECF 51.) The FBI is not a party to this case and Mr. Mays has failed to show that the FBI was ever served with a document subpoena in this matter. Accordingly, this request is denied.

Next, Mr. Mays asks for permission to serve a subpoena for documents on the FBI, which he contends has information relevant to his claim that he was assaulted while at the Jail. According to Mr. Mays, Jail staff made copies of his mail while he was at the Jail and provided them to the FBI upon the FBI's request. (ECF 64.) Mr. Mays does not explain how the contents of his mail would establish that he was assaulted, nor how these documents purportedly in the FBI's possession would otherwise be relevant to his claims. Therefore, at this time his request to subpoena the FBI is denied.

### *8. The US Marshall Office*

Mr. Mays asks the Court to issue an order requiring the US Marshal's Office "to turn over property that they had retrieve[d] from the Sherburne County Jail in March 2019 when [he] was released into their custody to be delivered to the BOP." (ECF 51 at 4.) The US Marshal is not a party to this litigation and the Court declines to issue any such order.

### *9. Request for Depositions on Written Questions*

Mr. Mays requests permission to take depositions on written questions of a number of individuals. (ECF No. 51.) However, Mr. Mays indicates that he does not know how to locate any of these individuals. The Court cannot assist Mr. Mays in his efforts to investigate his claims. Nor can the Court advise Mr. Mays on how to properly conduct discovery. Accordingly, the Court denies this request.

*10. Defendants' Request to Depose Plaintiff*

The Defendants ask the Court to grant them permission to depose Mr. Mays regarding his claims in this action. (ECF No. 60.) The Defendants propose deposing Mr. Mays remotely due to the ongoing issues presented by the spread of the virus that causes COVID and Mr. Mays' incarceration in West Virginia. Mr. Mays does not agree that he should be deposed (ECF No. 64), but he does not explain why he believes such a deposition would be improper. Mr. Mays is seeking relief for conduct allegedly committed by 29 different individuals and his deposition will allow the Defendants an opportunity to inquire about the factual basis for his claims. As such, his deposition is both relevant and proportional to the needs of the case and the Defendants' request for permission to depose Mr. Mays is granted. The Defendants shall conduct Mr. Mays' deposition within 30 days of the date of this Order.[6]

*10. Additional Deposition Requests*

In a letter dated January 19, 2021, Mr. Mays seeks permission to take the depositions of 19 individuals. (ECF No. 64.) The deadline for submitting a request to take depositions in this matter was January 15, 2021. Mr. Mays does not explain why he failed to make the request for permission to take these depositions prior to the deadline. Nor does he explain how he would pay the costs associated with taking those depositions. Accordingly, these requests are denied.

*12. Subpoena to Phone Service Company*

Mr. Mays asks the Court to allow him to serve a subpoena for documents on the company that provides phone services to the Jail. (ECF No. 64.) He asserts that he repeatedly made calls to the Minnesota Sexual Abuse Hotline and the Minnesota Public Defenders Office seeking help while he was at the Jail, and records showing the dates and times he made these calls will help him establish several of his claims. The Court disagrees. Phone records indicating when Mr. Mays made such calls are not relevant to any of the claims in Mr. Mays' operative Complaint. (*See* Order (July 23, 2020) at 4–5 (construing the claims in the original Complaint and denying leave to amend), ECF 39.) Accordingly, this request is denied.

---

[6] In light of the fact that Mr. Mays is indigent and uncounseled, and that he is required to attend the only deposition in this case, the Defendants shall provide him with a copy of the deposition transcript once it has been prepared.

### *13. Motion for Production of Documents, Additional Interrogatories, for Subpoena, and to Change Defendant Names*

On March 2, 2021, Mr. Mays filed a discovery motion seeking various forms of relief. (ECF 69.) First, he asks the Court to extend the deadline for him to serve interrogatories, requests for production, and requests for admissions and to conduct depositions on written questions. The Court has addressed Mr. Mays' request for permission to serve additional document requests, interrogatories, and requests for admissions above, and found that it is appropriate to allow him to serve 25 additional interrogatories. Accordingly, the deadline is extended consistent with the Amended Scheduling Order below.

Second, Mr. Mays asks the Court to authorize a subpoena to attorney Robert Richman, requiring him to turn over all documents that were sent to him by Lee Sherman or Sherman Lee, an individual who was in custody with Mr. Mays at the Jail. According to Mr. Mays, he had Sherman mail kites, grievances, and medical documents to Mr. Richman. Obtaining these documents will, according to Mr. Mays, "help [him] show that the def[endants] did not turn over all grievances, kites, and medical request[s]," and prove several of his claims. (ECF 69 at 4–5.) The Court denies Mr. Mays' requests for the following reasons. First, it is apparent that Mr. Mays seeks to use the subpoena to conduct discovery for the purpose of proving that the Defendants have not provided requested documents. But such "discovery on discovery" is generally not permitted, and given defense counsel's representations that his entire jail file has already been produced, the Court finds it unnecessary to authorize it here. Second, because Mr. Richman was Mr. Mays' counsel, he could have requested the documents directly from Mr. Richman without the need for a subpoena. He has not shown that he did so. Finally, beyond his conclusory assertion that the discovery will help him prove several of his claims, Mr. Mays has not shown that such third-party discovery is relevant to any claims or defenses in the litigation.

Third, Mr. Mays asks the Court to allow him to change the names of a number of the Defendants identified in his original Complaint. (ECF 69 at 5–7.) However, the list of individuals in his motion would actually add more defendants to the litigation. This is an improper attempt to amend the pleadings after the deadline for doing so in the scheduling order has already passed. Accordingly, this request is denied.

Fourth, Mr. Mays seeks an order compelling the Defendants to produce the names and badge numbers of every officer employed at the Jail between from 2019 to March 10, 2020 so that he can "finish amending [his] complaint as well as be able to know what Jail

staff signed different kites, grievances, and medical [forms] that have [been] provided." (ECF 69 at 7.) This request is denied. The deadline for amending the complaint has long since passed. Mr. Mays does not show good cause for an untimely amendment. In addition, the Court will not compel the Defendants to produce this information because it is overbroad and disproportionate to the needs of the case.

Finally, in a motion that was received by the Clerk of Court on March 22, 2021, Mr. Mays indicates that he received the Defendants' response to this discovery motion on March 15th, but only a part of it was in the envelope. (ECF 77.) Mr. Mays appears to assert that a corrections officer at FCI-Hazelton may have removed a portion of the response from the envelope defense counsel used to mail the documents because the mailing did not comply with the prison's policies regarding inmate mail. (*Id.* at 1–2.) Mr. Mays indicates that he has sent the prison's mail policy to defense counsel before and has run into this problem at various times during the litigation. He asks the Court to issue an Order requiring defense counsel to comply with the prison's mail policy; forcing the Defendants to pay for the paper, envelopes, and postage he has been forced to use as a result of prior failures to comply with the policy; and sanctioning defense counsel for "violating the BOP mail policy." (*Id.* at 2–3.)

Mr. Mays does not cite to the BOP's mail policy, but because he complains that the envelope was already opened and documents sent to him were photocopied, he appears to argue that defense counsel did not mark the outside of the envelope as "Special Mail" or "Legal Mail" along with an indication that it should be opened only in his presence. Assuming that Mr. Mays is referring to BOP Program Statement 5265.14,[7] the Court notes that this policy does not require any sender to place such identifying phrases on the materials mailed to a prisoner. This is true even when an inmate notifies the sender that such markings are required to receive treatment as "special mail" or "legal mail." Nor do the Federal Rules of Civil Procedure contain any requirement that a party serving papers on an inmate must comply with such a policy. The Court has not issued any Order in this case imposing such a requirement on defense counsel for purposes of this action. Accordingly, Mr. Mays has failed to show that defense counsel should be sanctioned for failing to mark envelopes in any particular way. Mr. Mays' motion seeking such relief is denied. Defense counsel is encouraged to mark future papers served on Mr. Mays in accordance with the prison's policy regarding legal mail so that issues

---

[7] *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5265.14, § 540.18 (Apr. 5, 2011) (indicating that envelopes marked in this manner should only be opened in the presence of the inmate), *available at* https://www.bop.gov/policy/progstat/5265_014.pdf.

regarding the handling of such items do not need to be addressed further by the Court. Nonetheless, the Clerk of Court is requested to provide Mr. Mays with a complete copy of ECF 77 so that he might have the full document.

### *14. Request for Additional Time to Amend Complaint*

Mr. Mays asks the Court to give him additional time to amend his complaint. (ECF 75 at 8–9.) He argues that even though the deadline has passed, he should be allowed additional time to amend his complaint because he has only just received discovery from the Defendants. However, Mr. Mays indicated in a letter to defense counsel that he received a package with the discovery from the Defendants and started reviewing it in October 2020. (ECF 74, Ex. 8.) In addition, the Court has previously denied leave to amend because Mr. Mays submitted a sprawling proposed amended complaint that would have dramatically altered the scope of this case, which already contains a number of questionably joined claims. (ECF 30.) Mr. Mays has also failed to show, with any specificity, what he has learned in any of the discovery that he could not have reasonably alleged before that would give rise to a new claim that should be added to this proceeding. In addition, allowing an amendment of the complaint at this late juncture would unnecessarily delay resolution of the litigation. Accordingly, this request is denied.

On April 5, 2021, Mr. Mays asked for additional time to sever the unrelated claims in his Complaint from one another. He indicates that he has reviewed his Complaint, and now agrees with the Court's observations that some of his claims may have been improperly joined. (ECF 79.) This motion is denied. The Court addressed the issue of severance in this case in August 2020. At that time, the Court declined to recommend that the claims in the original Complaint be severed from one another, and the litigation has continued for nearly a year since with all parties and the Court expecting that this litigation would resolve each of the claims included in Mr. Mays' original pleading. It would be unfairly prejudicial to the Defendants, at this late stage, to determine that the claims should be severed from one another now. Furthermore, to the extent Mr. Mays seeks severance of his claims so that he can obtain permission to serve the additional discovery requests he claims are needed, such relief would be an improper end-run around the scheduling order's requirements.

### *15. Requests for Appointment of Counsel*

Mr. Mays has requested appointment of counsel. (ECF 75, ECF 85.) He has previously requested that an attorney be assigned to represent him. (ECF 15.) As the

Court has previously explained, there is no constitutional or statutory right to appointment of counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A court may, however, "request an attorney to represent any person unable to afford counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (quoting 28 U.S.C. § 1915(e)(1). District courts have wide discretion in determining "whether representation is warranted given the nature of the case and the litigants." *Id.* (quoting *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). In exercising that discretion, courts consider several factors, including: "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

The Court has reviewed the entire record and the requests for appointment of counsel are denied. The Court's observations in response to an earlier request for appointment of counsel about the complexity of the factual and legal issues remain the same. (ECF 16 at 2–3.) Although Mr. Mays has not successfully obtained much of the relief he sought through the letters and motions addressed in this Order, Mr. Mays has demonstrated throughout this litigation that he can effectively communicate with the Court, present his arguments in an understandable way, and effectively raise his concerns about the progress of the litigation and many other issues. With respect to his ability to investigate the facts, the Court acknowledges that it has denied Mr. Mays' requests to take several depositions. However, Mr. Mays has served written discovery on the Defendants and the Court has granted leave for him to serve an additional 25 interrogatories. The Court also notes that Mr. Mays used requests for production to obtain a significant number of documents from the Defendants.

Mr. Mays suggests that counsel should be appointed to represent him because he is not certain about how to litigate his case, he has had difficulty obtaining the information he wants, he is unsure how to go about drafting discovery requests, and he lacks legal training that would make these and other tasks easier to achieve. No doubt Mr. Mays' lack of familiarity with precisely how to go about litigating a civil case has made pursuing this litigation more difficult than it would be with a lawyer representing him. But he articulates challenges "most indigent prisoners will face" representing themselves, and they are not the concerns that typically warrant appointment of counsel. *Recca v. Omaha Police Dep't*, __ F. App'x __, 2021 WL 2285235, at *2 (8th Cir. June 4, 2021) (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Weighing all the relevant factors, the Court concludes that the nature of the litigation is not such that

Mr. Mays and the court will "benefit from the appointment of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

## AMENDED SCHEDULING ORDER

Because the Court has previously suspended the deadlines in this case by prior Order (ECF 82), and has now permitted the Defendants to take Mr. Mays' deposition, and allowed Mr. Mays to serve an additional 25 interrogatories, an amended schedule must be adopted. Therefore, the following deadlines shall govern the progression of the remainder of this litigation.

1. Mr. Mays must serve any additional interrogatories, but no more than the 25 allowed by this Order, on the Defendants **on or before September 13, 2021**. Mr. Mays and the Defendants indicate in their filings that Mays has already served more than the 25 interrogatories allotted in the initial scheduling order. However, the record shows that the Defendants have not answered those additional interrogatories. The Court finds that the additional interrogatories previously served in this case should be disregarded, and the Defendants are not required to respond to them. Instead, if Mr. Mays chooses to serve the new interrogatories permitted by this Order, not to exceed 25, then Defendants are expected to answer those discovery requests without regard to the surplus interrogatories previously submitted by Mays. The Court's expectation is that Mr. Mays will take this opportunity to consider carefully the questions he truly needs to ask to obtain information that is narrowly focused on the claims in his Complaint.

2. Defendants shall serve their answers and objections to any additional interrogatories served by Mr. Mays **on or before October 13, 2021**.

3. Defendants shall complete Mr. Mays' deposition **within 30 days of the date of this Order**.

4. The deadline for filing and serving any nondispositive motion concerning this final period of discovery is **November 3, 2021**.
    a. **Responses shall be filed within 14 days of receipt** of such a nondispositive motion.
    b. If Mr. Mays files a nondispositive motion seeking to compel answers to any of the new interrogatories that are served pursuant to this Order, Defendants

   shall attach a copy of all the interrogatories served upon them along with the Defendants' responses and objections thereto.
   c. The Court will address any nondispositive motion based on these written submissions alone and will not consider any unsolicited memoranda or other written argument not permitted by District of Minnesota Local Rule 7.1.

5. Any dispositive motion dispositive shall be filed and served **on or before December 17, 2021**.
   a. **Responses shall be filed within 30 days of receipt** of such a dispositive motion.
   b. **Replies shall be filed within 14 days of receipt** of a non-moving party's response.
   c. The Court will address any dispositive motion based on these written submissions alone and will not consider any unsolicited memoranda or other written argument not permitted by District of Minnesota Local Rule 7.1.

**IT IS SO ORDERED**.

Date: August 6, 2021

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge