UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OTIS MAYS, | No. 20-cv-506 (PAM/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SHERBURNE COUNTY JAIL, et al., | |
| Defendant. | |

This matter is before the Court on the motion for a temporary restraining order filed by the Plaintiff, Otis Mays. Specifically, Mr. Mays asks the Court to enter an injunction ordering the Sherburne County Jail (hereafter "the Jail") to give him access to the law library so that he can meet a deadline for filing a typed petition for rehearing in an Eighth Circuit appeal from his federal criminal conviction in the District of Minnesota. Mr. Mays asks that the Court also order the Jail to allow him to send documents to the Courts by fax. Alternatively, if the Court does not require the Jail to allow him to send documents by fax, then he seeks an injunction barring the Jail from holding his mail for no reason and delaying his receipt of court documents. For the reasons that follow, the Court recommends that the motion be denied.

**I.   Background**

On October 3, 2019, Mr. Mays pled guilty to receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and to wire fraud in violation of 18 U.S.C. § 1343 in two cases in the District Court of the District of Minnesota. *United*

1

*States v. Mays*, 19-cr-75 (ECT/HB) and 19-cr-76 (ECT/HB) (D. Minn. Oct. 3, 2019) (Plea Agreement). He was sentenced to 132 months imprisonment for each conviction, with the sentences to run concurrently, followed by a ten-year period of supervised release, with several special conditions. Mr. Mays appealed, raising a number of issues, including that the district court erred in imposing several special conditions for his supervised release period. In an opinion dated April 6, 2021, the Eighth Circuit largely rejected Mr. Mays's issues on appeal. However, the court remanded the case for resentencing so that the district court could make specific findings regarding the special supervised release conditions, if it decides to reimpose them. *United States v. Mays*, 993 F.3d 607 (8th Cir. 2021). His resentencing is set for October 8, 2021. *United States v. Mays*, 19-cr-75 (ECT/HB), Doc. No. 113 (D. Minn. Aug. 27, 2021).

Mr. Mays sought additional time to file a petition for rehearing before the Eighth Circuit and his appellate counsel withdrew from representation, leaving him to pursue the request for rehearing *pro se*. After receiving an extension, Mr. Mays filed a Petition for rehearing en banc and for a panel rehearing on July 14, 2021. He then sought leave to file a revised petition, which was granted, setting a September 3, 2021 deadline. The court informed Mr. Mays that no further extensions would be granted. The appellate docket reflects that Mr. Mays repeatedly sought extensions to prepare his petition for rehearing. *United States v. Mays*, 20-1333 (8th Cir.). Mr. Mays filed an amended petition on September 8, 2021, a motion to further amend his petition on September 16th, and a motion for appointment of counsel on September 24th.

2

Mr. Mays asserts that the Jail has not allowed him access to the law library, which prevents him from preparing a typed version of his petition for rehearing by the Eighth Circuit. He is currently housed in the Gamma unit at the Jail, a general population intake unit. Although other general population units each have a law library with computers and access to a legal research database, Gamma does not. In the other units in the Jail, detainees also have access to tablets they can use to conduct legal research and do word processing, but these tablets are not available to Gamma.

There is a computer in the "Booking" area of the Jail that can normally be used by those in Gamma. However, following a COVID-19 outbreak in another unit in the Jail, the facility imposed moving restrictions throughout the facility. As a result, Mr. Mays has not been able to access the Booking computer. He explained to Jail officials that he needed access to a computer so he could meet court deadlines and requirements, but they have denied his requests because of the restrictions imposed due to the COVID-19 outbreak. In grievance forms, Mr. Mays disagreed with the Jail officials' decision, arguing that refusing to allow law library access made little sense because the Jail allowed other inmates to use vending machines, hair clippers, multiple kiosks, playing cards, and tablets. These arguments did not persuade Jail personnel to change their decision. Because the Jail denied his requests, Mr. Mays now asks this court to enter an injunction requiring the Jail to give him access to the law library. [ECF No. 94].

Mr. Mays also explains that he has several cases in the District of Minnesota, cases in federal district court in Oklahoma, and two cases before the Eighth Circuit. He has received orders from this Court and others setting certain filing or response deadlines.

However, because mail from the courts does not arrive promptly, Mr. Mays asserts that he is prevented from meeting his deadlines. Accordingly, he seeks an injunction requiring the Jail to allow him to send documents to the courts where his cases are pending by fax so that his written filings can arrive on time. Alternatively, he seeks an injunction requiring the Jail to stop "holding my 'legal mail' for no reason." [ECF No. 94 at 8].

**II.   Discussion**

Preliminary injunctions are considered extraordinary remedies and motions requesting such relief are committed to the district courts' discretion. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008) (extraordinary remedy); *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006) (district court discretion). The moving party must show that: (1) it will suffer irreparable harm if the injunction is denied; (2) the harm to the movant, if the injunction is denied, outweighs the harm to the non-movant if the injunction is granted; (3) there is a likelihood of success on the merits; and (4) an injunction is in the public's interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). These are the same standards applied to motions for temporary restraining orders. *Core and Main, LP v. McCabe*, No. 21-cv-1512 (WMW/KMM), 2021 WL 3661503, at *2 (D. Minn. Aug. 18, 2021). For the reasons set forth below, the Court concludes that Mr. Mays's motion for a temporary restraining order/preliminary injunction should be denied.

*Likelihood of Irreparable Harm*

"To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need

for equitable relief." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (internal quotation marks omitted). A court may deny a motion for a preliminary injunction if a party fails to show irreparable harm. *See Caballo Coal Co. v. Ind. Mich. Power Co.*, 305 F.3d 796, 800 (8th Cir. 2002). A claim of irreparable harm does not support a preliminary injunction when it is speculative. *See, e.g.*, *Minn. Ass'n of Health Care Facilities, Inc. v. Minn. Dep't of Pub. Welfare*, 602 F.2d 150, 154 (8th Cir. 1979) ("[T]he speculative nature of the threatened harm support[s] the denial of injunctive relief.").

Mr. Mays's allegations in his motion regarding access to the law library and the timing for legal filings can only be construed as claims that he has been denied his right of access to the courts. Supreme Court precedent requires that prisoners claiming that jail or prison policies prevented their right of access to the courts must establish an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). This means that an inmate must show that the institution's policies "hindered his efforts to pursue a legal claim." *Id.* at 351.

For two reasons, the Court finds that Mr. Mays has failed to show a threat of irreparable harm. First, with respect to his allegations that lack of access to the law library has prevented him from typing his petition for rehearing, the publicly available docket in his appellate proceeding reveals that he has already filed a petition for rehearing on July 14, 2021, and a handwritten amended petition for rehearing on September 8, 2021. Although his amended petition is handwritten and was filed five days after the September 3rd deadline, nothing in the record suggests that the alleged lack of access to

5

the computer in the law library is likely to lead to any imminent harm because he could not type his request for rehearing. There is no order striking the handwritten materials from the appellate record, nor indicating that the petition or amended petition will not be reviewed because it is not typed. Indeed, the Eighth Circuit's Local Rules contemplate that *pro se* parties will sometimes file documents that are not typed. *See* 8th Cir. LR 28A(f) (authorizing the clerk to "reject pro se briefs on the ground that they are illegible and cannot be scanned"). Mr. Mays has, therefore, failed to show that there is an impending threat of harm due to the Jail's current limitations on his access to a computer in the law library where he could type his petition for rehearing. There is no showing here that the Jail's policies may imminently "hinder[] his effort to pursue a legal claim." *Lewis*, 518 U.S. at 351.

Relatedly, Mr. Mays does not demonstrate a *present* need for equitable relief related to his claim that the Jail is hindering his access to the appellate court for his rehearing petition. The deadline established by the Eighth Circuit for his revised petition was September 3, 2021, a date that has already passed. Therefore, it is unclear "how injunctive relief would actually assist [Mr. Mays] in any manner." *CDI Energy Servs. v. West River Pumps, Inc.*, 567 F.3d 398, 403 (8th Cir. 2009). Because the deadline he identifies is past, and was met by his July 14 filing, there is no showing of a need for injunctive relief.

Second, Mr. Mays has not shown irreparable harm with respect to this case or his federal case in Oklahoma. To obtain a preliminary injunction, he must show a threat of imminent harm if an injunction requiring the Jail to allow him to fax documents to these

6

courts is denied. In other words, Mr. Mays can only receive the requested injunction if he shows he in danger of suffering an imminent actual injury in the form of denial of access to the courts.

In this case, Mr. Mays points to the Court's September 14, 2021 Order, which required the Defendants to copy their entire document production to a flash drive or thumb drive and send the same to Mr. Mays. The Order further provided that the Defendants had seven days to send the portable media storage device containing the documents they produced to Mr. Mays "unless they demonstrate good cause by that deadline why such a requirement should not be imposed." [ECF No. 91 at 2]. Mr. Mays states that he did not receive the September 14th Order until the 18th, and therefore could not possibly have met the seven-day deadline. But this misapprehends the Order. The seven-day deadline for showing good cause was only applicable to the Defendants if they took the position that they should not be required to reproduce their document production on a portable media storage device; it was not a deadline imposed upon the Plaintiff. Indeed, this Court has never imposed a seven-day deadline on Mr. Mays in this litigation, in recognition of his status as an inmate. Thus, he has failed to show that he will suffer irreparable harm if his requested injunction is denied.

As for the litigation in Oklahoma, Mr. Mays asserts that on September 18th he received an envelope containing a September 6th Order requiring a reply to a brief within 14 days—September 20, 2021. However, Mr. Mays has not shown that he explained the fact that he did not receive the Order until 12 days into his response period to the Oklahoma court and was nonetheless held to the September 20th deadline.

*Lack of Relationship to Conduct Underlying Claims*

An additional reason the Court recommends denial of Mr. Mays's requested TRO is that the injunctive relief he seeks is not sufficiently related to the relief sought in the complaint. The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). As a result, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Id.* "Although [unrelated] new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction" in a lawsuit about a different subject matter. *Id.* "This requirement is widely accepted in the Eighth Circuit." *Munt v. Larson*, No. 15-cv-0582 (SRN/SER), 2015 WL 5673108, at *8 (D. Minn. Sept. 23, 2015); *Owens v. Severin*, 293 Fed. App'x 425 (8th Cir.2008); *Hale v. Wood*, 89 F.3d 840 (8th Cir.1996); *Clark v. Roy*, No. 13-cv-2849 (MJD/HB), 2015 WL 3937297, at *1 (D. Minn. June 24, 2015); *Crow v. Severs*, No. 12-cv-2216 (PJS/FLN), 2013 WL 5313535, at *3 (D. Minn. Sept. 20, 2013); *Saldana v. Craane*, No. 12–cv–573 (DWF/TNL), 2012 WL 4009582, at *2 (D. Minn. Aug. 22, 2012), *report and recommendation adopted*, No. 12–cv–573 (DWF/TNL), 2012 WL 4009572 (D. Minn. Sept. 12, 2012).[1]

---

[1] Other circuit courts follow *Devose* or otherwise have established an identical rule. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010); *Little v. Jones*, 607 F.3d

(*footnote continued on next page*)

In this case, the Court has construed Mr. Mays's original Complaint as alleging the following claims:

> Mr. Mays alleged that a subset of the long list of named defendants violated his constitutional rights by preventing him from having tinted prescription eyeglasses. Combined with this claim, he alleged that several corrections officers accused him of being a "snitch" or "telling on people" under circumstances that subjected him to increased risk of assault by other inmates. He also alleged that some defendants forced him to live, eat, and sleep in a cell with a toilet containing another person's waste for more than 50 hours; that other defendants retaliated against him for filing grievance forms; a corrections officer made a "sexual statement" to him and threatened him even though he knew Mr. Mays had been assaulted by a particular inmate before; still other defendants exposed him to increased risk of harm to his mental health by transferring him to a cell with an inmate who assaulted him; other defendants refused his requests to fill his "medical bucket" so that he could comply with a prescribed foot-soak treatment; and an unknown sergeant in the Jail allegedly deprived him of constitutionally required procedural protections during a disciplinary proceeding.

[ECF No. 39 at 4–5]. This conduct—the subject of the litigation—is not related to the Jail's alleged interference with his access to the courts, such as the Eighth Circuit Court of Appeals or a federal district court in Oklahoma. The absence of a relationship between the relief sought in the motion and that sought in Mr. Mays's complaint supports denial of his motion.[2]

---

1245, 1251 (10th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *accord Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir.1997); *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198–99 (2nd Cir.1985).

[2]   This is not to say that a federal court has no power to issue appropriate orders to address pretrial conduct of a defendant prison official that interferes with a plaintiff inmate's ability to prosecute the litigation pending before it even when that litigation does not address access to the courts. But Mr. Mays has made no such showing here. The only specific allegation Mr. Mays makes about access to this Court is that Jail officials

(*footnote continued on next page*)

**Recommendation**

Based on the foregoing, the Court recommends that Mr. Mays's motion [ECF No. 94] be denied.

Date: September 30, 2021

                                              *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

---

held his mail so long that he was not able to respond to a 7-day deadline. As explained, that deadline was not applicable to Mr. Mays, but was a requirement that the Defendants show cause within 7 days if they believed a discovery-production requirement should not be imposed on them.