UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OTIS MAYS,   No. 20-cv-506 (PAM/KMM)

    Plaintiff,

v.   **ORDER**

SHERBURNE COUNTY JAIL, et al.,

    Defendant.

This matter is before the Court in response to several recent filings by the Plaintiff, Otis Mays. On November 3, 2021, Mr. Mays filed a motion for an emergency hearing. [ECF No. 104]. On November 15, 2021, Mr. Mays filed an "objection" to the undersigned's recent Report and Recommendation, which concluded that Mr. Mays was not entitled to a temporary restraining order or a preliminary injunction. [ECF No. 103 (R&R); ECF No. 106 (objection)]. Finally, on November 15, 2021, Mr. Mays filed a "request to amend complaint or for reconsideration." [ECF No. 107]. For the reasons that follow, the Court denies each of Mr. Mays's requests for relief.

### *Motion For an Emergency Hearing* [ECF No. 104]

Mr. Mays asserts that he sustained injuries from a fall while he was being held in Grady County Jail. Since he returned to Sherburne County Jail on September 3, 2021 for resentencing in his federal criminal case, he has attempted to obtain medical care from Sherburne County Jail officials, but they have done nothing more than offer him pain medication. Mr. Mays claims that his ongoing pain in his shoulder and arm could cause life-long difficulties if it continues to go untreated. He has alleged that he has concerns about

1

blood in his urine, that he needs to see a dentist, and that his vision issues have not been addressed. Because he claims his medical conditions are not being properly treated, Mr. Mays asks the Court to conduct an emergency hearing, and presumably, to issue orders requiring Sherburne County Jail officials to provide additional or different treatment.

None of Mr. Mays's claims in this litigation concern the issues he has raised in his motion for an emergency hearing. In this case, Mr. Mays is seeking relief related to conditions of his confinement at Sherburne County Jail before February of 2020. In other words, the conduct of Sherburne County Jail officials about which Mr. Mays complains in this motion—allegedly inadequate medical care since September 3, 2021—is unrelated to the conduct that he complains of in his operative pleading. As a result, to the extent Mr. Mays seeks injunctive relief relating to his current medical care, this case is not the proper avenue in which to receive it. The Court has previously explained to Mr. Mays that he cannot obtain injunctive relief in this litigation for conduct that is unrelated to the allegations in the operative pleading. [ECF No. 99 at 8–9].

To the extent Mr. Mays is asking the Court to allow him to amend or supplement the complaint to add allegations to this case about these recent events, that request is denied. The deadline for Mr. Mays to amend his complaint in this action was more than a year ago—October 19, 2020. Though he certainly could not have raised these new allegations at that time, adding them to this case now would cause undue delay in resolving the issues properly before the Court and would be unfairly prejudicial to the Defendants who have an interest in resolving this litigation in a timely fashion.

None of this is intended to minimize Mr. Mays's claims that he is not receiving proper medical attention. There are other avenues than this litigation in which he may pursue relief related to his allegations regarding these recent events. However, Mr. Mays's request for an emergency hearing is denied.

**"Objection" to Report and Recommendation [ECF No. 106]**

Mr. Mays filed an "objection" to the undersigned's October 29, 2021 Report and Recommendation concerning one of his recent motions for a temporary restraining order ("TRO"). In the TRO motion, Mr. Mays asked the Court to provide several forms of relief in connection with alleged violations of his due process rights in disciplinary proceedings involving recent events at the Sherburne County Jail. The Court recommended that the motion be denied because he failed to demonstrate a likelihood of success on the merits or that he faces an imminent threat of irreparable harm. In the October 29, 2021 R&R, the Court notified Mr. Mays that he had a chance to file objections to the proposed findings and conclusions, so that the R&R could be reviewed by the District Judge assigned to his case. In the "objection" Mr. Mays filed, however, he does not ask the District Court to overrule the undersigned's proposed findings or objections. Instead, Mr. Mays asks the undersigned to reconsider the October 29th R&R.

Reconsideration of decisions is rarely granted, and a litigant must clear a high bar before such relief is permitted.

> "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A motion for reconsideration cannot be employed to repeat arguments previously made,

3

> introduce evidence or arguments that could have been made, or tender new legal theories for the first time. *See id.*

*Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 17-CV-5094 (WMW/BRT), 2019 WL 6827588, at *1 (D. Minn. Dec. 13, 2019).

The Court denies Mr. Mays's request for reconsideration. First, Mr. Mays asserts that the Court misunderstood the basis on which he sought relief when he filed his TRO motion, as he was also complaining about the fact that he was sent to segregated housing for a disciplinary violation *prior to* a disciplinary hearing taking place. The Court finds that this clarification does not provide a compelling reason to reconsider the R&R. In the prison context, courts have frequently held that transfer to segregated housing while disciplinary charges are pending does not necessarily violate due process. *See Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir.1996) (finding 12 days of pre-hearing confinement in segregated housing unit did not implicate state created liberty interest); *Muhammad v. Wiley*, No. 06-CV-01128-WYD, 2008 WL 4305779, at *4 (D. Colo. Sept. 18, 2008), *aff'd*, 330 Fed. App'x 165 (10th Cir. 2009) (finding that placement in the SHU for 98 days prior to a disciplinary proceeding did not violate applicant's due process rights); *Boyd v. Anderson*, 265 F. Supp. 2d 952, 961 (N.D. Ind. 2003) ("Placing an inmate in disciplinary segregation, or in administrative segregation while disciplinary charges pend against him, does not directly implicate the due process clause, nor does it generally work an atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life.").

Next, Mr. Mays asserts that the Court should reconsider the R&R because the denial of his ability to call a staff member as a witness at the October 2021 disciplinary hearing he discussed in his TRO motion was not "a one time thing," but has happened many times.

4

The Court finds that this does not present a compelling reason for reconsideration. Mr. Mays's allegation about repeated instances of this alleged violation does not undermine the reasons the Court reached the conclusion in the October 29th R&R. For the same reasons, the Court also denies Mr. Mays's request to amend his TRO motion to provide additional allegations where he was allegedly deprived of his due process rights. [ECF No. 107].

Next Mr. Mays asserts that the Court incorrectly concluded that he failed to show an atypical and significant hardship in relation to the ordinary incidents of prison life because the results of the disciplinary hearings have caused him to lose a number of privileges. However, Mr. Mays included none of this information in his original TRO motion and none of the assertions he now relies upon in his request for reconsideration are newly discovered evidence.

Finally, Mr. Mays again asks for permission to amend his complaint to introduce his allegations of due process violations into this litigation. For the same reasons that the Court declines to allow Mr. Mays to amend his complaint to add new allegations regarding his recent medical care at the Sherburne County Jail, his request to amend his complaint is denied. Allowing amendment at this late stage would introduce new claims and issues into the litigation at a very late stage, resulting in undue delay and unfair prejudice to the Defendants.

## Order

Based on the foregoing, the Court denies Mr. Mays's motion for an emergency hearing [ECF No. 104], his request for reconsideration [ECF No. 106], and his motion to

amend his TRO motion [ECF No. 107]. Because the Court has interpreted Mr. Mays's "objection" to be a request for reconsideration, it will extend the time for him to file any objections to the October 29th R&R pursuant to Local Rule 72.2(b)(1). Any such objections must be filed within 21 days of the date of this Order.

Date: December 3, 2021

                                                        *s/ Katherine Menendez*
                                                      Katherine Menendez
                                                      United States Magistrate Judge