UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays, | Civ. No. 20-506 (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Sherburne County Jail, Zack, Ms. Sherry K., Patton, Lumply, Lori, Rachael Clem, Kholar Joshua, Sean, Brain McDonough, Tyrel Hoppe, Aric Hanson, Travis Lundstrom, Heather Pickett, Christopher Bloom, Thomas Zerwas, Brian Frank, Dave Isais, Mike Siege, Chris Hansen, Pattrick Carr, Mark Fritel, Melissa Kachmarek, Brad Botih, Bartell, Jason Kolbinger, Paula Baker, Mike Wallace, Adrian Johnson, Jessie Lafay, Dominses, Passie, Jim Rouke, Tom Bersron, Paul, Paul, Jessica Reischl, Simmions, Lizy, Joshua Jesbers, Lenard, Drew Hout, Brittany, T. Thompson, Cory Schoeck, Adam Schuttle, Micheal Wells, and Adam Walkley, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated July 29, 2022. (Docket No. 152.) The R&R recommends granting Defendants' Motion for Summary Judgment and Judgment on the Pleadings, denying various motions regarding discovery and other matters, dismissing the majority of Plaintiff Otis Mays's claims with prejudice, and dismissing May's state-law negligence claims without prejudice. Mays did not file any

objections to the R&R despite the Court allowing him additional time to do so. D. Minn. L.R. 72.2(b)(1).

This Court must review de novo any portion of an R&R to which specific objections are made; in the absence of objections, the Court reviews the R&R only for clear error. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b)(3); see also Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996) (noting that district court need only review un-objected-to R&R for clear error). The thorough R&R exhaustively discussed the lengthy procedural history of this matter as well as Mays's numerous claims and his pending motions. The Magistrate Judge concluded that all of Mays's claims fail for a variety of reasons: Mays did not properly name or serve many of the Defendants listed, many of his claims fail to state claims on which relief can be granted, and the remainder are unsupported by the factual record. Whether reviewed de novo or for clear error, these conclusions are undoubtedly correct.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 152) is **ADOPTED**; and

2. Defendants' Motion for Summary Judgment and Judgment on the Pleadings (Docket No. 110) is **GRANTED**;

3. Plaintiff's Request to Preserve Jail Recordings (Docket No. 134) is **DENIED**;

4. Plaintiff's Motion for Hearing on Lack of Medical Care (Docket No. 137) is **DENIED**;

5. Plaintiff's Request to Preserve Jail Recordings (Docket No. 138) is **DENIED**;

6. Plaintiff's state-law negligence claims are **DISMISSED without prejudice**;

7. Plaintiff's remaining claims against all Defendants are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 13, 2022                              *s/Paul A. Magnuson*
                                                        Paul A. Magnuson
                                                        United States District Court Judge